IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MONTGOMERY,<br><br>    Petitioner,<br><br>  vs.<br><br>VINCENT S. CULLEN, Warden,<br><br>    Respondent. | No. C 10-1625 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

    Petitioner, a state prisoner proceeding pro se, filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2009 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. The Court ordered Respondent to show cause why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition. Although given an opportunity, Petitioner has not filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and DENIES the petition.

## BACKGROUND

    In 1987, Petitioner was sentenced to a term of 15 years-to-life in state prison after his conviction for second-degree murder with the use of a knife in Los Angeles County Superior Court. At his parole suitability hearing on March 25, 2009, the Board found Petitioner to be

unsuitable for parole. Petitioner challenged this decision unsuccessfully in habeas petitions filed in all three levels of the California courts. Thereafter, Petitioner commenced this federal action on April 15, 2010.

## DISCUSSION

As grounds for relief, Petitioner claims that: (1) the Board's decision to deny him parole violated his right to due process, and (2) California Penal Code § 3041.5's amendment in 2009, i.e. Proposition 9, violated the Ex Post Facto Clause.

A.  <u>Standard of Review</u>

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, that is, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."

1  *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the
2  writ. *See id.* at 409.

3  "Factual determinations by state courts are presumed correct absent clear and convincing
4  evidence to the contrary." *Miller-El*, 537 U.S. at 340. Under 28 U.S.C. § 2254(d)(2), a state
5  court decision "based on a factual determination will not be overturned on factual grounds unless
6  objectively unreasonable in light of the evidence presented in the state-court proceeding."
7  *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). The
8  standard of review under AEDPA is somewhat different where the state court gives no reasoned
9  explanation of its decision on a petitioner's federal claim, and there is no reasoned lower court
10 decision on the claim. In such a case, a review of the record is the only means of deciding
11 whether the state court's decision was objectively reasonable. *See Plascencia v. Alameida*, 467
12 F.3d 1190, 1197-98 (9th Cir. 2006).

13 B.  <u>Analysis</u>

14     1.  <u>Due Process</u>

15 Petitioner argues that the Board's denial of parole was based upon its erroneous
16 conclusion that he posed an unreasonable risk of danger to society if released from prison, and
17 that he lacked insight dealing with his coping mechanisms. Petitioner claims that the Board's
18 findings were not based on sufficient evidence.

19 In order to comport with due process, a prisoner is only entitled to "an opportunity to be
20 heard and [be] provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*,
21 131 S. Ct. 859, 861 (2011) (per curiam); *see Greenholtz v. Inmates of Neb. Penal and*
22 *Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no right under the Federal Constitution to
23 be conditionally released before the expiration of a valid sentence, and the States are under no
24 duty to offer parole to their prisoners."). Moreover, a federal habeas court cannot review
25 sufficiency of the evidence claims to analyze whether "some evidence" supports the Board's
26 decision to deny parole. *See Swarthout*, 131 S. Ct. at 861. "Because the only federal right at
27 issue is procedural, the relevant inquiry is what process [Petitioner] received, not whether the
28 state decided the case correctly." *Id.* at 863. Regardless of which particular factors were

1  considered or relied upon by the Board, Petitioner does not dispute that he was provided an
2  opportunity to rebut their validity, and given an explanation of the Board's ultimate decision.
3  Those were the only due process rights to which he was entitled.
4      Thus, the state court's rejection of Petitioner's due process claim was not contrary to, or
5  an unreasonable application of, clearly established federal law, as determined by the Supreme
6  Court..

    2.    <u>Ex Post Facto</u>

8      Petitioner argues that Proposition 9, the 2009 amendment to California Penal Code
9  § 3041.5, violated the Ex Post Facto Clause. The amendment required the Board to deny parole
10 for at least three years, when previously, the statute permitted the Board to deny parole for one
11 year.
12     The United States Constitution prohibits the States from passing any "ex post facto Law."
13 U.S. Const., Art. I, § 10, cl. 1. The Ex Post Facto Clause prohibits the government from enacting
14 laws with certain retroactive effects, including laws that change the punishment and inflict
15 greater punishment for the crime than previously authorized by law when the crime was
16 committed. *See Stogner v. California*, 539 U.S. 607, 611-12 (2003).

> Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." [*Garner v. Jones*, 529 U.S. 244, 250 (2000)]. A retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." *Id.* at 251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995).

*Gilman v. Schwarzenegger*, 638 F.3d 1101, 1106 (9th Cir. 2011) (first brackets added; parallel citations omitted).

24     Prior to the 2009 amendment, Section 3041.5 directed the Board to hear each parole case
25 annually, by default, or it could defer subsequent hearings by two or five years if the case met
26 certain requirements. *Id.* at 1103-04. After the amendment, "the minimum deferral period [was]
27 increased from one year to three years, the maximum deferral period [was] increased from five
28 years to fifteen years, and the default deferral period [] changed from one year to fifteen years."

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\pro-se\sj.lhk\hc.10\Montgomery625denhc     4

*Id.* at 1104.  The amendment also authorized the Board to use its discretion to advance a prisoner's hearing date either sua sponte, or upon a prisoner's request.  *Id.* at 1105.

*Gilman* was a civil rights class action under 42 U.S.C. § 1983 rather than a habeas action, and the Ninth Circuit's decision was on an appeal from an order granting a preliminary injunction in favor of the plaintiff-prisoner class.  Even with these attributes, *Gilman* guides this Court's analysis of the underlying habeas petition.  In *Gilman*, the Ninth Circuit observed that the plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 unless "(1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) the plaintiffs [could] demonstrate, by evidence drawn from Proposition 9's practical implementation . . ., that its retroactive application [would] result in a longer period of incarceration than under the prior law."  *Id.* at 1106 (*quoting Garner*, 529 U.S. at 255).  The Ninth Circuit noted that the changes required by Proposition 9 appeared to create a significant risk of prolonging the plaintiffs' incarceration, but ultimately concluded that the availability of advance hearings before the Board precluded relief because that availability sufficiently reduced the risk of increased punishment for prisoners under the standard set out in *Garner*.  *See Gilman*, 638 F.3d at 1108-11.

Applying *Gilman*'s analysis to this case, Petitioner fails to show that the Proposition 9 violated his rights under the Ex Post Facto Clause.  Section 3041.5 of the California Penal Code was amended after Petitioner committed his crime, so the amended version of that statute is being applied retroactively as to him.  However, a petitioner cannot obtain habeas relief unless he shows that the retroactively applied statute creates a significant risk of prolonging his incarceration.  *Garner*, 529 U.S. at 251.  Petitioner has not made the required showing.  As the Ninth Circuit explained, even though the frequency of the scheduled hearings has decreased, the availability of advance hearings "'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing."  *Gilman*, 638 F.3d at 1109 (*quoting Morales*, 514 U.S. at 513).  Section 3041.5 does not, on its face, violate the Ex Post Facto Clause.  Moreover, Petitioner has not offered any evidence to demonstrate that Section 3041.5 violates the Ex Post Facto Clause as applied in this case.

1    Accordingly, Petitioner is not entitled to relief on his Ex Post Facto Clause claim because
2 the state court's rejection of his claim was not contrary to, or an unreasonable application of,
3 clearly established federal law, as determined by the Supreme Court.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 12/6/11

LUCY H. KOH
United States District Judge